UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA C.,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 3:21-cv-00583-RBM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>[Doc. 2] |

## I.   INTRODUCTION

On April 2, 2021, Plaintiff Amanda C. ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of the Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 2.)

On April 8, 2020, former Chief Judge Larry A. Burns issued an order staying civil cases arising under 42 U.S.C. § 405(g) that were filed on or after March 1, 2020, due to the ongoing COVID-19 public health emergency. *See* Or. of Chief Judge No. 21, sec. 6 (stating

in part "all civil cases filed on or after March 1, 2020 brought against the Commissioner . . . are hereby stayed, unless otherwise ordered by the [Court]."). The COVID-19 pandemic has been ongoing for months and will continue for the foreseeable future. At this time, the Court lifts the stay of this case for the limited purpose of ruling on the IFP Motion which will allow Plaintiff to proceed with effectuating service of the summons and complaint to Defendant. Once service is complete, the Court will stay the case again until the Commissioner begins normal operations at the Office of Appellate Hearings Operations and resumes preparation of Certified Administrative Records. *See* Or. of Chief Judge No. 21 at sec. 6.

Having reviewed the complaint and IFP Motion, the Court finds that Plaintiff's complaint is sufficient to survive a sua sponte screening and further **GRANTS** Plaintiff's IFP Motion.

## II.   DISCUSSION

### A.   Application to Proceed IFP

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *Rowland v. Cal. Men's Colony*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also Escobedo*, 787 F.3d at 1235. To satisfy the requirements of 28 U.S.C. §1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide[ ] himself and dependents with

the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted). Nevertheless, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Allen v. Kelley*, C-91-1635-VRW, 1995 WL 396860, at **2-3 (N.D. Cal. June 29, 1995) (Plaintiff initially permitted to proceed IFP, but later required to pay $120 filing fee out of $900 settlement proceeds).

Here, Plaintiff has sufficiently demonstrated her[1] entitlement to IFP status. According to her affidavit, Plaintiff's monthly income is $3,610, comprised of child support ($2,760) and her son's social security disability benefits ($850). (Doc. 2 at 1.) Plaintiff owns three vehicles collectively valued at $26,500; however, one of the vehicles is not in Plaintiff's possession. (*Id.* at 3.) Plaintiff is currently unemployed and has a 15-year-old son who relies on her for support. (*Id.*) Plaintiff and her spouse have been separated since January 2021, but Plaintiff's spouse continues to provide financial support. (*Id.* at 5.) While Plaintiff's spouse provides Plaintiff with $2,760 per month in "child support" which is not court-ordered, Plaintiff's listed monthly expenses are $3,720. (*Id.* at 4-5.) These expenses include $600 in food, $300 in medical expenses, $1,260 in rent, $450 in utilities, $300 in motor-vehicle payments, $50 in transportation expenses, $150 in consolidated credit card debts, $300 in cable/internet expenses, $150 in clothing expenses, $60 in laundry expenses, and $100 in expenses related to "recreation, entertainment, newspapers, magazines, etc." (*Id.*) Plaintiff does not expect major changes to her monthly income or expenses during the next twelve months. (*Id.* at 5.)

///

---

[1] The complaint filed on April 2, 2021 refers to Plaintiff with the pronouns "he" and "his"; however, this appears to be in error given the statements in Plaintiff's IFP motion (i.e. Plaintiff uses the term husband). (Doc. 2 at 5.)

Plaintiff appears to have sufficient income to cover her debts and *necessary* obligations; however, Plaintiff's affidavit shows a lack of immediately available cash. For example, she is not employed and has no available funds in a bank account. (*Id.* at 2.) Moreover, the child support she receives from her recently-separated spouse is not court-ordered and therefore, subject to change at any moment. (*Id.* at 1.) Arguably, Plaintiff's son's social security benefits should not be considered gross income as the eligibility for these benefits are based on need and disability. (Doc. 2 at 2); *see* Cal. Fam. Code § 4058(c); *In re S.M.* 209 Cal.App.4th 21, 29 (2012) (SSI benefits fell within scope of income exemption and not included in gross income).

Based on the above, Plaintiff's affidavit sufficiently demonstrates that she is unable to pay the required $400 filing fee without sacrificing the necessities of life. *See Adkins*, 335 U.S. at 339-340. The Court concludes Plaintiff cannot afford to pay any filing fees at this time for this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

**B.   Sua Sponte Screening**

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding IFP is also subject to a mandatory sua sponte screening. The Court must review and dismiss any complaint which is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also Alamar v. Soc. Sec.*, 19-cv-0291-GPC-LL, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019).

To survive, complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Instead, plaintiff must state a claim plausible on its face, meaning "plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Social security appeals are not exempt from the general screening requirements for IFP cases. *Montoya v. Colvin*, 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Hoagland v. Astrue*, 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)).

In social security appeals, courts within the Ninth Circuit have established four requirements necessary for a complaint to survive a sua sponte screening:

> First, the plaintiff must establish that she had exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Skylar v. Saul*, 19-cv-1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019) (quoting *Montoya*, 2016 WL 890922, at *2). As to the fourth requirement, a complaint is insufficient if it merely alleges the Commissioner was wrong in denying plaintiff benefits. *See Skylar*, 2019 WL 4039650, at *1; *see also Hoagland*, 2012 WL 2521753, at *3. Instead, a complaint "must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Skylar*, 2019 WL 4039650, at *2.

As to the first requirement, the complaint contains sufficient allegations that Plaintiff exhausted her administrative remedies. Plaintiff filed an application for disability insurance benefits and supplemental security income which was subsequently denied. (*See* Doc. 1 at ¶¶ 1-2.) This became the Commissioner's final administrative decision. (*Id.* ¶ at 2.) Plaintiff was given sixty days to file a civil action. (*Id.*) Then, Plaintiff was granted

an additional thirty days to file her complaint. (*Id.*) Accordingly, Plaintiff timely filed the complaint, and the first requirement necessary to survive a sua sponte screening is satisfied.

As to the second requirement, the complaint states Plaintiff "resides in *Spring Valley, California,* County of San Diego within the jurisdiction of this Court." (*Id.* at ¶ 4.) Therefore, the second requirement is satisfied.

As to the third requirement, Plaintiff alleges that she suffers from severe impairments including depressive/bipolar disorder, anxiety/obsessive disorder, and mood disorder. (*Id.* at ¶ 7.) Additionally, Plaintiff alleges her disability began on January 12, 2017. (*Id.*) Because the complaint states the nature of Plaintiff's disability and her onset date, the third requirement is satisfied.

Finally, the complaint contains a plain, short, and concise statement identifying the nature of Plaintiff's disagreement. Specifically, the complaint alleges that the Commissioner's decision is not supported by substantial evidence under "applicable law and regulations, including the weight of the evidence, Plaintiff's credibility, the medical opinions of his doctors, and any and all other applicable evidentiary issues . . ." (*Id.* at ¶ 9.) Based upon all of the foregoing, the Court finds Plaintiff has established the four requirements necessary to survive a sua sponte screening.

However, the undersigned notes that Plaintiff's counsel has filed several complaints in other social security appeals that contain language nearly verbatim to the instant complaint's paragraph nine. (*Id.*) This is also evident by the misuse of pronouns throughout the complaint. (*Id.* at ¶¶ 7, 9.) Paragraph nine of the complaint appears to be a boilerplate statement identifying the nature of Plaintiff's disagreement with the Social Security Administration's decision and showing that Plaintiff is entitled to relief. (*Id.* at ¶ 9.) While complaints in other cases have survived sua sponte screenings, the undersigned cautions Plaintiff's counsel that such boilerplate filings are discouraged. *See Amy D. v. Saul*, 20-cv-1370-BLM, Doc. 4 (S.D. Cal. July 22, 2020) (finding complaint sufficient to survive a sua sponte screening); *see also Landon H. v. Saul*, 20-cv-910-BGS, Doc. 4

///

(S.D. Cal. June 4, 2020); *Mia R. v. Saul*, 20-cv-840-KSC, Doc. 6 (S.D. Cal. May 20, 2020); *Jason G. v. Saul*, 20-cv-1593-RBM, Doc. 5 (S.D. Cal. Sept. 17, 2020).

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for the named Defendant. In addition, the Clerk of Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the complaint.

3. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 and forward the materials to the United States Marshals Service.

4. Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. After service is complete, the Court will stay the case again and the stay will automatically lift after Defendant files the Certified Administrative Record.

**IT IS SO ORDERED.**

Dated: April 6, 2021

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE